Sang Shing, Respondent, *v.* Benjamin Sire, Appellant.

(New York Common Pleas — Additional General Term, December, 1895.)

Lease — Deposit as security.

> Where a deposit is made as security for the rent and fulfillment of
> the conditions of a lease, and the lease provides for its return at the
> end of the lease if its terms were complied with, such deposit is not
> applicable to the rent for the last month, and the tenant is not entitled
> to its return where he has been dispossessed for nonpayment in advance
> of the rent for such month.

Appeal from a judgment rendered in favor of the plaintiff by the justice of the Eighth Judicial District Court.

*Warren S. Burt,* for appellant.

*George W. Glaze,* for respondent.

Bischoff, J. The plaintiff, as tenant, entered into a contract of lease providing for rent payable in installments of forty dollars at the commencement of each month, and which also required the observance of certain covenants by the tenant during the full term of seven months.

At the time when the contract was made the plaintiff paid to the defendant the sum of forty dollars, stated, according to the agreement, to be "deposited * * * as security for the rent and fulfillment of conditions of this lease. If complied with, the said $40 are to be returned to the party of the second part (this plaintiff) at the end of said lease, and if not complied with, this $40 is forfeited as liquidated damages."

The plaintiff refused to pay his rent for the last month of the term and was forthwith dispossessed, his stand, as taken and sustained in this action, being that the security deposited with the defendant should have sufficed for payment of the rent for such month, and that failing, his enjoyment of such part of the term, the sum in suit, the amount of such deposit, should have accrued to him.

Unfortunately for his position this was not his contract, and there was a complete failure of proof that the several condi-

tions of the agreement had been fulfilled. The rent was to be paid upon the first day of each month; the deposit to accrue as a debt to the tenant at the end of the term should he have then complied with this, together with the other conditions.

This was his contract, and while his position may well be deplored in the result, the conclusion of the court below must be viewed as unauthorized, since the burden of showing compliance with its terms was upon him, and this he had failed to show; consequently he was not entitled to the return of the deposit, and the judgment is well assailed.

The plaintiff's second cause of action was dismissed upon the trial, and the questions raised thereby are not now before us.

Judgment reversed and new trial ordered, with costs to abide the event.

BOOKSTAVER, J., concurs.

Judgment reversed and new trial ordered, with costs to abide event.